J-A30004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
IKEE JOHNSON  :
:
Appellant  :  No. 2801 EDA 2024

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007766-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, P.J.:  **FILED MARCH 5, 2026**

Ikee Johnson appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions for persons not to possess a firearm,[1] carrying a firearm without a license,[2] and carrying a firearm on public streets in Philadelphia without a license.[3]  After review, we affirm.

Johnson was arrested and charged with the above offenses after he gave consent to a police officer to search his bag, wherein the officer found, *inter alia*, a "loaded, nine-millimeter handgun[.]"  Trial Court Opinion, 1/13/25, at 3.  As Johnson had previously been convicted of possession with intent to

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] *Id.* at § 6106(a)(1).

[3] *Id.* at § 6108.

distribute,[4] he was subject to subsection 6105(a)'s prohibition of possession of a firearm by individuals with certain prior convictions. On February 20, 2024, the trial court found Johnson guilty of the above-mentioned firearm offenses after a stipulated bench trial.

On May 1, 2024, prior to sentencing, Johnson filed a motion for judgment of acquittal on the persons not to possess charge. In the motion, Johnson averred that the trial court should enter a judgment of acquittal or otherwise dismiss the persons not to possess charge because section 6105 was unconstitutional, both facially and as applied, under the Second and Fourteenth Amendments. *See* Motion for Judgment of Acquittal, 5/1/24, at 1-5.

On August 20, 2024, without having ruled on Johnson's motion for judgment of acquittal, the trial court sentenced Johnson to concurrent sentences of 11½ to 23 months of house arrest for carrying a firearm without a license, six years of probation for prohibited possession of a firearm, and five years of probation for carrying a firearm in Philadelphia without a license. On August 29, 2024, Johnson filed a post-sentence motion requesting a ruling on his May 1, 2024 motion for judgment of acquittal. The trial court denied the May 1, 2024 motion for judgment of acquittal on September 25, 2024.

_____

[4] 35 P.S. § 780-113(a)(30).

Johnson timely[5] appealed from his judgment of sentence on October 10, 2024. Both Johnson and the trial court have complied with Pa.R.A.P. 1925. Johnson raises one issue for our review: "Should the conviction [under section] 6105 be vacated because the statute as applied to [Johnson]'s prior conviction for possession with intent to deliver, a non-violent offense, violates the Second and Fourteenth Amendments?" Appellant's Brief, at 2.

We need not address Johnson's claim in depth, as this Court's recent decision in **Commonwealth v. Randolph**, 343 A.3d 1248 (Pa. Super. 2025), is dispositive. In **Randolph**, we addressed a constitutional challenge to subsection 6105(a), wherein the petitioner argued that there was no historical tradition supporting a regulation that prohibited individuals with prior non-violent convictions from possessing a firearm. **Id.** at 1256–57. Applying the test set forth in **New York State Rifle & Pistol Assoc. v. Bruen**, 597 U.S. 1 (2022),[6] we concluded that the challenged regulation was "consistent with the Nation's historical tradition of firearm regulation[,]" and, thus, constitutional under the Second Amendment. **Randolph**, 343 A.3d at 1258.

---

[5] **See** Pa.R.Crim.P. 720(A)(2)(b) (notice of appeal must be filed within thirty days of entry of order denying post-sentence motion).

[6] In **Bruen**, the United States Supreme Court set forth the analysis for determining whether a challenged regulation runs afoul of the Second Amendment, which requires determining whether the regulation "is consistent with the Nation's historical tradition of firearm regulation." **Id.** at 24.

Because we previously considered and rejected in **Randolph** the arguments Johnson now raises, he is entitled to no relief.[7]  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026

---

[7] **See Commonwealth v. Sumpter**, 340 A.3d 977, 983 (Pa. Super. 2025) (three-judge panel of Superior Court is bound by its previous precedential decisions).